ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **DOMÉNICO FERRARI, CARMEN LOURDES LÓPEZ DE JESÚS y la sociedad legal de gananciales compuesta por ambos, MARÍA DE LOURDES KAMILA GARCÍA LÓPEZ Y GABRIELA VÁZQUEZ GARCÍA**<br><br>Recurrido<br><br>v.<br><br>**HOSPITAL SAN LUCAS PONCE; DR. JORGE LUIS MARTÍNEZ TRABAL y otros**<br><br>Peticionario | KLCE202400967 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Civil Núm.: **PO2023CV03448**<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Comparece ante este Foro, el doctor Jorge L. Martínez Trabal (doctor Martínez Trabal o parte peticionaria) y solicita que revoquemos la *Resolución* dictada el 22 de julio de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce. Mediante la misma, y en lo pertinente, el foro primario declaró *No Ha Lugar* la solicitud de sentencia sumaria parcial instada por el doctor Martínez Trabal.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se revoca el pronunciamiento impugnado.

### I.

Según surge del expediente, el 15 de noviembre de 2023, el señor Doménico Ferrari, la señora Carmen Lourdes López de Jesús

y la Sociedad Legal de Gananciales compuesta ambos, así como María de Lourdes Kamila García López y Gabriela Vázquez García (en conjunto, parte recurrida) incoaron una demanda sobre daños y perjuicios en contra del Hospital San Lucas Ponce y los doctores Iván González Cancel, Francisco Méndez López, Jorge Luis Martínez Trabal y César Cruz, entre otros. En su comparecencia, alegaron que el 27 de julio de 2021, el doctor González Cancel le realizó una cirugía cardiotorácica al señor Ferrari. Añadieron que luego de múltiples incidencias, el 1 de septiembre de 2021 se le amputaron ambas piernas al señor Ferrari.

A grandes rasgos, en la demanda se adujo que el tratamiento médico brindado por los doctores demandados y el personal médico y de apoyo del Hospital San Lucas Ponce fue uno negligente, el cual se apartó de la práctica aceptada de la medicina. Además, arguyeron que dicho tratamiento fue la causa principal de los daños físicos del señor Ferrari y de los sufrimientos y angustias mentales de todos los demandantes. Por lo anterior, solicitaron al tribunal una compensación de $4,000,000.00 por los daños físicos y angustias mentales del señor Ferrari; $2,000,000.00 por las angustias mentales de la señora López de Jesús y $1,000,000.00 por las angustias mentales de María de Lourdes Kamila García López y Gabriela Vázquez García.

Tras varios trámites no necesarios de pormenorizar para la resolución de este caso, el 23 de mayo de 2024, el doctor Martínez Trabal presentó una *Moción de Sentencia Sumaria Parcial en cuanto al Límite de Responsabilidad Conforme la Ley de Centros Médicos Académicos Regionales de Puerto Rico al Caso de Epígrafe*. Requirió al TPI que emitiera una sentencia parcial limitando el tope de su responsabilidad a un máximo de $75,000.00 por los daños sufridos por una persona y hasta $150,000.00, cuando los daños se le causaron a más de una persona o cuando sean varias las causas de

acción a que tenga derecho un solo perjudicado, según dispone la *Ley de los Centros Médicos Académicos Regionales de Puerto Rico*, Ley Núm. 136 de 27 de julio de 2006, según enmendada, 24 LPRA sec. 10031 *et seq.* (Ley Núm. 136-2006). Acentuó que, al momento de los hechos que originaron la causa de acción de referencia, laboraba activamente en la enseñanza de los residentes en entrenamiento en cirugía y los estudiantes de medicina de la Facultad de la Escuela de Medicina Ponce Health Sciences University, la cual a su vez es parte del Centro Médico Académico Regional del Sur-Oeste (CMAR-SO). Destacó que se desempeñaba como profesor auxiliar del Departamento de Cirugía de la Escuela de Medicina de Ponce. En esa dirección, alegó que brindó tratamiento médico en su función de supervisor e instructor de los médicos residentes desde el 16 de agosto de 2021 hasta el 24 de agosto de 2021 en su especialidad de cirugía vascular periférica.[1] El Hospital San Lucas Ponce se unió al antedicho petitorio del doctor Martínez Trabal.

Así las cosas, el 22 de julio de 2024, el foro *a quo* emitió la *Resolución* que hoy revisamos. Conforme adelantado, y en lo concerniente, el TPI denegó la solicitud de sentencia sumaria parcial incoada por el doctor Martínez Trabal. En su dictamen, el Tribunal consignó los siguientes hechos materiales sobre los cuales no existía controversia:[2]

1. El Hospital San Lucas de Ponce forma parte de las cinco (5) Instituciones de Servicio de Salud principales afiliadas a la Escuela de Medicina de Ponce.

---

[1] Junto a esta solicitud anejó los siguientes documentos: carta del presidente y decano de Ponce School of Medicine dirigida al doctor Martínez Trabal ofreciéndole la posición de Assistant Professor, así como el contrato de servicios; certificación del 31 de marzo de 2022 en la cual el principal oficial médico del Hospital San Lucas expresa que el doctor Martínez Trabal poseía privilegios en cirugía periferovascular desde agosto de 2008; certificación fechada 28 de marzo de 2022 del Centro Médico Académico Regional del Sur-Oeste acreditando que el doctor Martínez Trabal era miembro de la facultad de la Ponce Health Sciences University y Declaración Jurada del doctor Martínez Trabal. Apéndice del recurso, págs. 15-28.
[2] Notas al calce suprimidas.

2. El 16 de diciembre de 2019, el Hospital San Lucas junto con la Ponce Health Sciences University School of Medicine firmaron un Acuerdo de Afiliación para formar parte del Centro Médico Académico Regional del Sur-Oeste (CMAR), según dispone la Ley Núm. 136-2006.

3. El Dr. Jorge Martínez Trabal se desempeña como profesor Auxiliar del Departamento de Cirugía de la Escuela de Medicina de Ponce desde el 1 de agosto de 2009.

4. El Dr. Jorge Martínez Trabal posee privilegios en Cirugía Periferovascular en el Hospital San Lucas de Ponce y se encuentra en una categoría Activa.

5. Según la certificación emitida por el Centro Médico Académico Regional del Sur-Oeste, el Dr. Jorge Martínez Trabal forma parte de la facultad de la escuela de Medicina, entidad que se beneficia de la Ley Núm. 136-2006.

Al mismo tiempo, el tribunal expuso los siguientes hechos materiales de los cuales entendía existe controversia:

1. Si el Dr. Martínez Trabal se encontraba ejerciendo su práctica privada de la profesión de la medicina al momento de su intervención en los hechos alegados en la Demanda o estaba ejerciendo sus funciones como docente según la Ley Núm. 136-2006.

2. Las alegaciones en torno a los elementos de la causa de acción en daños y perjuicios.

En armonía con lo anterior, el Tribunal dispuso que:

En el caso de autos, tanto el Hospital como el Dr. Jorge Martínez Trabal han demostrado formar parte de los CMAR, por lo que podemos concluir que **no existe controversia en cuanto a la aplicación de la Ley Núm. 136-2006 y los límites de responsabilidad para causas de acción por impericia profesional. No obstante, el Dr. Martínez Trabal no presentó evidencia que nos coloque en posición de establecer que, al momento de los hechos alegados en la demanda, éste se encontraba ejerciendo sus funciones como docente conforme dispone la Ley Núm. 136-2006. Este hecho es uno esencial y pertinente que impide que este Tribunal dicte una Sentencia por medio del mecanismo de Sentencia Sumaria.** Es necesario destacar que la intención legislativa, de la Ley Núm. 136-2006 es extender la aplicación de los límites de responsabilidad a los médicos, estudiantes, miembros de la facultad que lleven a cabo procedimientos médicos en los CMAR en el ejercicio de sus funciones docentes. *Rodríguez Figueroa v. Centro de Salud*, supra. (Énfasis nuestro).

En desacuerdo, el doctor Martínez Trabal solicitó reconsideración. En su escrito resaltó que, mediante declaración jurada del 7 de mayo de 2024, estableció que el manejo médico al paciente Doménico Ferrari fue bajo su supervisión e instrucción de los médicos residentes del Programa de Cirugía. Junto a su moción, anejó una nueva declaración jurada en la cual estableció que el contacto médico con el referido paciente en seis (6) ocasiones se hizo en el ejercicio de sus funciones docentes. Además, sometió varias páginas del récord médico pertinentes a dicho asunto.[3] Evaluado lo anterior, el Tribunal denegó la petición de reconsideración mediante *Orden* dictada el 7 de agosto de 2024, notificada el 9 de agosto de 2024.

Aun inconforme, el doctor Martínez Trabal incoó el recurso que nos ocupa, en el cual le señala al TPI la comisión del siguiente error:

> Cometió error el Honorable Tribunal de Primera Instancia al resolver que el doctor Jorge Martínez Trabal no estableció que, al momento de los alegados hechos de la demanda, éste se encontraba ejerciendo sus funciones como docente conforme dispone la Ley Núm. 136-2006.

El 9 de septiembre de 2024, el Centro Médico Académico Regional del Sur-Oeste solicitó intervenir como *Amicus Curiae*, lo cual fue avalado por este Foro.

El 28 de octubre de 2024, la parte recurrida expresó no tener reparos a la solicitud del doctor Martínez Trabal, avalada por el CMAR-SO, sobre que se establezca como cantidad máxima aquella dispuesta en la Ley Núm. 136-2006, única y exclusivamente en cuanto al mencionado galeno. Estamos en posición de resolver.

## II.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores

---

[3] Apéndice del recurso, págs. 29-48.

que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[4]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[4] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**III.**

En la presente causa, la parte peticionaria esencialmente aduce que no existe controversia en cuanto a la aplicación del límite de responsabilidad a favor del Hospital San Lucas Ponce y su facultad docente. Razona que el TPI se equivocó al determinar que no evidenció que su intervención con el paciente Doménico Ferrari fue en su función de docente junto con los médicos residentes en entrenamiento en cirugía. Por ende, esboza que debemos revocar en ese aspecto la determinación recurrida.

Según adelantado, en su comparecencia ante este Foro, la parte recurrida expresó no tener reparos con establecer como cantidad máxima, con respecto al doctor Martínez Trabal, la establecida en la Ley Núm. 136-2006.

Así, toda vez que la parte recurrida está de acuerdo con el remedio solicitado por el doctor Martínez Trabal y este Tribunal entiende que dicho proceder constituye el desenlace adecuado y correcto en derecho, revocamos la *Resolución* aquí impugnada. Ello, a los únicos efectos de consignar que el doctor Martínez Trabal se encontraba ejerciendo sus funciones como docente, conforme la Ley Núm. 136-2006. Consecuentemente, devolvemos el caso al foro de instancia para la continuación de los procedimientos. Señalamos que nuestra intervención en la presente controversia se limita únicamente a la aplicación de la Ley Núm. 136-2006.

**IV.**

Por los fundamentos expuestos, se expide el auto de *certiorari* y se revoca la *Resolución* dictada el 22 de julio de 2024. Se declara *ha lugar* la solicitud de sentencia sumaria parcial promovida por el doctor Martínez Trabal. En consecuencia, se devuelve el caso al TPI para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones